NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| William Peck, | No. 21-15198 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00017-LCK |
| v. | |
| City of Tucson, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court for the District of Arizona
Lynnette C. Kimmins, Magistrate Judge, Presiding

Submitted November 16, 2021[**]
Phoenix, Arizona

Before: GILMAN,[***] BRESS, and VANDYKE, Circuit Judges.

William Peck appeals the grant of summary judgment in favor of his former

employer, the City of Tucson, Arizona (the City), on his hostile-work-environment

and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§§ 2000e, *et. seq*. After reviewing the grant of summary judgment de novo, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), and the evidentiary rulings under the abuse-of-discretion standard, *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005), we **AFFIRM**.

1.      The district court did not abuse its discretion by neglecting to *sua sponte* offer Peck the opportunity to supplement the summary judgment record with information that he claims was mistakenly omitted. As the nonmovant, Peck was required to identify, with citations to the record, any evidence that he believed created a genuine dispute of material fact. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (affirming the grant of summary judgment to the defendant where the plaintiff had failed to identify any parts of the record that established a genuine dispute of material fact).

Peck did not cite to, or even mention, the contents of the missing exhibits in his response to the City's motion for summary judgment. Requiring the district court to consider those materials now would be "profoundly unfair" to the City because the City was "denied a fair opportunity to address" that information. *Id*. Consequently, even if the exhibits had been properly submitted in the record, the district court did not abuse its discretion in refusing to consider those materials due to Peck's procedural default.

2.   The district court properly held that Peck did not suffer severe and pervasive harassment because of his sex.  A successful hostile work environment claim requires a showing that any alleged harassment that took place was "because of sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (internal alterations omitted).   No evidence suggests that the remarks from Peck's supervisor—referring to Peck as "Pecker" and commenting on Peck's friend being named "Glasscock"—were made on the basis of Peck's sex.

Peck argues, however, that these remarks were "sexual in nature."  But harassment is not "automatically discrimination because of sex merely because the words used have sexual content or connotations." *Id.*  And the mere fact that the remarks involved slang terms for "penis" does not show harassment on the basis of sex, even though the word "penis" is sexual in nature and gender-specific.  These remarks, despite being crude and inappropriate, are thus not actionable under Title VII.

The supervisor's comment to Peck to "be a man" regarding his back pain, on the other hand, does constitute harassment on the basis of sex. *See Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 874-75 (9th Cir. 2001) (holding that harassment had "occurred because of sex" where a male plaintiff was taunted by his male coworkers for "not act[ing] as a man should act").  But Peck cannot rest his claim on this single comment because "causing an employee offense based on an isolated comment" is

not sufficiently severe or pervasive "to create actionable harassment under Title VII." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004).

3.  Peck's retaliation claim also fails. To establish a prima facie case, Peck must show "that he undertook a protected activity under Title VII, his employer subjected him to an adverse employment action, and there is a causal link between those two events." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 693 (9th Cir. 2017) (citation omitted). In addition, an employment action must be "materially adverse," meaning that it would dissuade a reasonable worker from exercising protected rights. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Four of Peck's five proffered employment actions clearly do not suffice. Criticism from his supervisor constituted a mere "scolding" and is therefore insufficient. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 874–75 (9th Cir. 1998) (explaining that "harsh words are insufficient"). The employee appraisal designating Peck as "needs improvement" is inadequate because he submitted no proof that such an evaluation was unwarranted. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (identifying "an *undeserved* negative performance review" as an adverse employment action (emphasis added)). Peck's alleged transfer to another department and location is likewise insufficient because he did not submit any evidence showing any details of the transfer (or that such a transfer actually occurred). *See, e.g., Nibbs v. Schindler Elevator Corp.*, 113 F.3d 912, 915,

4

919 (9th Cir. 1996) (declining to view a departmental transfer without a change in compensation as an adverse employment action). Nor can he rely on his alleged schedule change because he provided no evidence for us to evaluate the context of that change, and the City's evidence showed that the change was instituted pursuant to a department-wide policy. *See Burlington*, 548 U.S. at 69 (considering a hypothetical change in work schedule and noting that "[c]ontext matters").

The final adverse action that Peck points to is the Notice of Intent to Discharge (Notice) that was issued to him by the City. Even assuming *arguendo* that the Notice was an adverse employment action, Peck does not show any causal link between the Notice and his protected activity. The 16-month gap between the filing of Peck's internal complaint of harassment and his receiving the Notice is far too long to infer causation based on timing alone. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003) (rejecting a causal link where a 13-month gap existed and the plaintiff provided no other evidence of a retaliatory motive).

**AFFIRMED.**